# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51893-2024

HARRY JOHNSON, individually, and as
Representative of the Estate of Colby Eldon
Johnson, Deceased,

    Plaintiff-Appellant,

v.

SRM-DOUBLE L, LLC, an Idaho entity,

    Defendant-Respondent,

and

SNAKE RIVER MANUFACTURING, LLC,
an Idaho entity; DOUBLE L
MANUFACTURING, INCORPORATED, an
Idaho entity, BEADZ BROTHERS FARMS,
an Idaho partnership,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, October 2025 Term

Opinion filed: March 2, 2026

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Gooding County. Rosemary Emory, District Judge.

The decisions of the district court are <u>affirmed in part</u> and <u>reversed in part</u>.

Patrick Daniel Law, *Pro Hac Vice*, Houston, Texas, and Jacobson Law, PLLC, Boise, for Appellant. Patrick Daniel argued.

Moore, Elia & Kraft, LLP, Boise, for Respondent. Steven Kraft argued.

_____

ZAHN, Justice.

In 2020, Colby Eldon Johnson died in an accident involving a Double L, Goldline Series self-unloading bed ("self-unloading bed") installed on a truck owned by his employer. Harry Johnson, Colby's father, filed a complaint against several defendants, including SRM-Double L, LLC ("SRM"), the manufacturer of the conveyer belt. Relevant to this appeal, Johnson asserted products liability and negligence claims against SRM.

SRM moved for summary judgment. Johnson opposed the motion with a late-filed memorandum and declaration of counsel. SRM moved to strike the untimely filings, which the district court granted. The district court determined that SRM's motion was unopposed and granted it. SRM then moved for attorney fees and sanctions under Idaho Rules of Civil Procedure 11 and 37, arguing that Johnson's counsel made misrepresentations to the court and that Johnson failed to provide timely responses to discovery requests. The district court granted the motion for sanctions under both rules.

On appeal, Johnson argues that the district court erred when it: (1) struck his late summary judgment filings, (2) granted SRM's motion for summary judgment, and (3) granted SRM's motion for attorney fees and sanctions. We affirm the district court's decision striking Johnson's untimely filings because he has failed to demonstrate that the district court abused its discretion. However, we reverse the district court's order granting summary judgment because the court failed to analyze whether SRM met the requirements of Rule 56(a), and we reverse its decision granting SRM's motion for sanctions because the only factual support for the motion was inadmissible hearsay.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Colby Eldon Johnson died in a workplace accident involving a self-unloading bed installed on a truck used for harvesting and hauling potatoes. In August 2022, Colby's father, Harry Johnson, filed suit against several defendants, including SRM, the manufacturer of the self-unloading bed.[1] In April 2023, Johnson filed an amended complaint that, among other things, added claims against SRM for products liability, negligence, and negligence per se.

On June 26, 2023, SRM filed a motion seeking to compel Johnson's responses to its discovery requests. SRM asserted that it had granted Johnson a two-week extension to respond to the discovery requests, but Johnson failed to provide any responses. It also asserted that it sent Johnson a meet-and-confer letter concerning the lack of response and that Johnson did not respond to the letter. SRM requested attorney fees and costs associated with the motion under Idaho Rule of Civil Procedure 37(a)(5)(A). Johnson does not appear to have filed any opposition. SRM noticed a hearing on the motion to compel for August 8, 2023.

---

[1] Johnson also asserted claims against Colby's employer, Beadz Brothers Farms. The district court dismissed those claims and they are the subject of a separate appeal in Docket No. 50970. The opinion in that appeal is being issued concurrently with this opinion.

In July 2023, SRM moved for summary judgment, asserting that Johnson's Amended Complaint should be dismissed for two reasons. First, it argued that Johnson's products liability claim was barred by the statute of repose contained in Idaho Code section 6-1403. That statute creates a rebuttable presumption that a product delivered more than ten years before the alleged harm is caused is beyond its useful safe life. I.C. § 6-1403(2). SRM asserted that the conveyor belt was more than ten years old at the time of Colby's accident and thus was presumptively beyond its useful safe life.

Second, it argued that Johnson's products liability and negligence claims should be dismissed under Idaho Code section 6-1405, which provides that when a product is modified by another party, a plaintiff's damages are "subject to reduction or apportionment to the extent that the alternation or modification was a proximate cause of the harm." I.C. § 6-1405(4)(b). SRM argued that, under section 6-1405, it could not be held liable for Colby's death because the Amended Complaint alleged that Colby's employer modified the belt, and the modifications caused Colby's death.

SRM noticed its motion for summary judgment for hearing on August 8, 2023, the same day it had scheduled the hearing on its motion to compel. Johnson's response to the summary judgment motion was due on July 25, 2023. Johnson did not file a timely response. Instead, one day after the deadline, on July 26, Johnson filed a motion to continue the hearing. The motion was supported by an affidavit from his *pro hac vice* counsel, Patrick Daniel, stating that Daniel had depositions scheduled in another proceeding in a different state that could not be rescheduled and asserting that there were outstanding discovery issues in the case that required resolution. Johnson requested that the hearing be rescheduled "from its present setting . . . to August 22, 2023 . . . ." On the same day, Johnson also moved for a continuance of the hearing on SRM's motion to compel, requesting that the hearing be moved to August 22.

One day later, on July 27, 2023, the district court granted Johnson's motion to continue the summary judgment hearing and ordered the parties to "confer and reset the matter on a date mutually available to the parties" within the next seven days. The record on appeal does not contain a decision on Johnson's motion to continue the motion to compel hearing.

Several hours after the district court issued its order continuing the summary judgment hearing, SRM filed an opposition to Johnson's request for a continuance. In it, SRM noted that, despite Johnson's counsel having over a month's notice of the hearing date for SRM's pending

3

motions, Johnson's counsel thereafter scheduled expert witness depositions on the hearing date. SRM further noted that the conflicting depositions had been scheduled the day before Johnson filed the motions to continue and that Johnson's motion failed to indicate whether local counsel was available on the originally scheduled hearing date. SRM also disputed Johnson's contentions regarding discovery.

Also on that day, the clerk of the court reached out to the parties with three optional dates to reschedule the motion hearing. The proffered dates included the August 22 date that Johnson requested in his motion to continue. SRM's counsel responded that same day, indicating that he was available on August 22. Daniel responded to the clerk's email and requested a phone call between counsel to "meet and confer" about a date to reschedule the hearing. SRM's counsel replied to the email and stated that the emails exchanged with the clerk about their availability was sufficient to confer.

The next day, on July 28, after not receiving an email from Daniel indicating when he would be available for the hearing, SRM's counsel followed up with Daniel and indicated that, "[a]bsent a response that you are now UNavailable for that hearing date, we will send out notices of hearing by the end of business today." (Capitalization in original.) Counsel for SRM served its Amended Notice of Hearing later that day, setting the hearing for August 22. Daniel responded to SRM's counsel's email three days later, after the Amended Notice of Hearing had been served. He advised that, due to issues with SRM's discovery and failure to produce deposition dates, "the August 22 date does not work."

On August 1, 2023, Daniel filed a Notice of Non-Availability for the August 22 hearing date. He claimed to have depositions in another case that would conflict with the hearing and objected to that date for the hearing due to a pending motion to compel filed by Johnson. Johnson filed his motion to compel that same day. In it, Johnson alleged that SRM acted in bad faith by making meritless objections and only partially responding to Johnson's discovery requests. Johnson further alleged that SRM's counsel failed to provide dates for Johnson to depose an SRM company representative. Daniel did not explain why the motion to compel filed the same day justified his non-availability.

On August 8, 2023, Johnson filed a second motion to continue, this time seeking to continue the August 22 summary judgment hearing. His motion failed to cite any rule of civil procedure to support the motion, including Rule 56(d), which permits a party opposing a motion

4

for summary judgment to obtain a continuance when the party demonstrates that, for specific reasons, it cannot present facts essential to justify its opposition. Instead, Johnson attached roughly 300 pages of exhibits and argued that "summary judgment is premature." Johnson also cited purported conflicts with depositions scheduled in another case and argued that SRM had impeded his efforts to conduct discovery. The district court denied the second motion for a continuance.

Johnson failed to respond to the summary judgment motion. SRM filed a reply brief in support of its motion and noted that the motion was unopposed. The next day, Johnson filed an opposition to SRM's motion for summary judgment. The day after filing his opposition, Johnson filed roughly 750 pages of exhibits in support of the opposition. Johnson's opposition brief was filed only six days before the summary judgment hearing and his exhibits were filed only five days before the hearing. Put differently, Johnson's opposition materials were filed over a week late and less than a week before the summary judgment hearing. SRM moved to strike the untimely opposition filings. Johnson did not file a written response to the motion to strike.

The district court held a hearing on the motion to strike, motion for summary judgment, and motion to compel on August 22. The court first heard argument on the motion to strike. Johnson objected to the court hearing the motion to strike because Johnson claimed he did not receive the motion until the night before the hearing. However, the certificate of service indicates that the motion was served through the iCourt system just one day after his untimely opposition was filed and four days before the hearing. He also argued that his untimely opposition to the motion for summary judgment was acceptable because he had done everything he could to file a timely opposition to summary judgment and the motion hearing should have been rescheduled for the reasons stated in his second motion to continue.

The court issued an oral ruling at the hearing and granted SRM's motion to strike Johnson's opposition filings. It noted that Johnson provided no valid reason for the untimely filings, despite being granted a continuance of the summary judgment hearing, which extended his time to file an opposition. The district court also noted that the purpose of the Rule 56 timeframes was to prevent the late filing of hundreds of pages of exhibits to ensure that the opposing party and the court had time to review the materials in advance of the hearing.

After striking Johnson's untimely opposition, the district court granted SRM's motion for summary judgment in a three-sentence oral ruling:

Well, with respect to the motion for summary judgment, the [c]ourt has found that it was unopposed given the untimely response from [Johnson]. Therefore, finding good cause and legal arguments on behalf of [SRM], I will grant summary judgment in favor of [SRM]. I find that [Johnson]'s claim is [sic] barred by Idaho Code [sections] 6-1403 and 6-1405.

Finally, the parties agreed at the hearing that the discovery sought in the motion to compel was provided prior to the hearing, though Johnson acknowledged that he had only provided the discovery responses after the motion to compel was filed. As such, the court determined that it was unnecessary to issue an order compelling production of discovery.

SRM then filed a motion for sanctions under Idaho Rules of Civil Procedure 11 and 37. Regarding Rule 37, SRM requested its fees and costs incurred in connection with filing the motion to compel. Although Johnson eventually provided the discovery responses, he acknowledged that he had only done so after the motion to compel was filed.

SRM also moved for sanctions against Johnson's *pro hac vice* counsel, Patrick Daniel, under Rule 11, alleging that Daniel made misrepresentations to the court to secure continuances. SRM supported its motion with a declaration from its counsel. Attached to the declaration were emails from opposing counsel in the cases in which Daniel claimed to have conflicting depositions. The emails suggested that there were other dates available for the depositions and the depositions did not occur on the date of the hearings.

Johnson again failed to file a response to the motion by the deadline set forth in Rule 7. SRM filed a timely reply in support of its motion for sanctions and noted that its motion was unopposed. Nine hours later, Johnson filed a response to SRM's motion for sanctions, objecting to the request under both Rules 11 and 37. Johnson argued that he could not be sanctioned for failing to provide timely discovery because he eventually provided the discovery on August 16, after SRM filed its motion to compel but before the court held a hearing on the motion. With respect to the alleged misrepresentations regarding counsel's availability for hearings, Johnson argued that the emails from opposing counsel are inadmissible hearsay. He also argued that the question whether he had misrepresented anything to the district court was "a non-issue" given that the district court denied his second motion for a continuance. Finally, he argued that the motion for sanctions under Rule 11 was improper because it was filed on August 29, and set for hearing on September 12, but that under Rule 11, he should have had a twenty-one-day "safe harbor" between the filing of a motion and the hearing to correct any misrepresentations. The district court

held oral argument on the motion, at the conclusion of which it orally granted SRM's motion under both Rules 11 and 37.

The district court entered judgment in favor of SRM. Johnson timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court erred by declining to consider Johnson's untimely opposition to SRM's motion for summary judgment.

2. Whether the district court erred by granting SRM's motion for summary judgment.

3. Whether the district court erred by granting SRM's motion for attorney fees and costs under Idaho Rule of Civil Procedure 37.

4. Whether the district court erred by granting SRM's motion for sanctions under Idaho Rule of Civil Procedure 11.

5. Whether SRM is entitled to attorney fees on appeal.

## III.    STANDARDS OF REVIEW

It is within the district court's discretion whether to consider an untimely opposition to a motion for summary judgment. *See Axelrod v. Reid Ltd. P'ship*, 174 Idaho 108, 117, 551 P.3d 777, 786 (2024). In determining whether the court abused its discretion, this Court asks "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

This Court reviews the "grant of summary judgment de novo and employ[s] the same standard of review used by the district court in ruling on the motion for summary judgment." *Kelso v. Applington*, 173 Idaho 738, 742, 548 P.3d 363, 367 (2024).

"When [this Court] review[s] a district court's imposition of sanctions [for a discovery violation], we must decide if substantial and competent evidence supports the district court's determination that a discovery violation has occurred, and then review the sanction itself for an abuse of discretion." *Gem State Roofing, Inc. v. United Components, Inc.*, 168 Idaho 820, 830, 488

P.3d 488, 498 (2021). Finally, this Court reviews the imposition of sanctions under Rule 11 for an abuse of discretion. *Gilbert v. Radnovich*, 171 Idaho 566, 572, 524 P.3d 397, 403 (2023).

## IV. ANALYSIS

### A. The district court did not abuse its discretion by striking Johnson's untimely opposition to SRM's summary judgment motion.

Johnson argues that the district court abused its discretion by striking his filings in opposition to summary judgment. Much of his argument focuses on the purported merits of his opposition. He also argues that the hearing on the summary judgment motion was set in a manner that precluded him from adequately responding because (1) his opposition to summary judgment would be due on August 8, 2023, a date that he previously informed the court he was unavailable; and (2) it was set before his motion to compel discovery was decided by the district court. We hold that the district court did not err when it struck Johnson's untimely opposition.

Idaho Rule of Civil Procedure 56(b)(2) requires that any opposition to a motion for summary judgment be "served at least 14 days before the date of the hearing" on the motion for summary judgment. I.R.C.P. 56(b)(2). There is no dispute that Johnson's opposition to summary judgment was untimely. The hearing on the motion was set for August 8, 2023. As such, Johnson's opposition was initially due on July 25, 2023. Johnson failed to file an opposition by the deadline.

Instead, the day *after* the opposition was due, Johnson moved to continue the hearing. In that motion to continue, Johnson specifically requested that the summary judgment hearing be rescheduled "from its present setting for August 8, 2023 at 1:30 p.m. to August 22, 2023 . . . ." The district court granted the motion, and the hearing was eventually reset for the date requested in Johnson's motion: August 22, 2023. This moved Johnson's deadline to file an opposition to August 8, 2023. *See* I.R.C.P. 56(b)(2). Johnson again failed to file an opposition by the new deadline. After SRM pointed out that the motion was unopposed, Johnson filed his opposition memorandum and roughly 750 pages of exhibits over a week after the deadline to oppose the motion and less than a week before the summary judgment hearing.

The district court struck Johnson's opposition filings because they were untimely. The district court noted that it had granted Johnson's first motion for a continuance and set the hearing for the date he requested in that motion. Therefore, Johnson had more than a month to file an opposition. The district court found that "[t]here has been no explanation as to why any opposition was not filed 14 days before the date of the hearing."

8

We conclude that Johnson has failed to demonstrate that the district court erred by striking his untimely opposition. Johnson does not identify which prong of the abuse of discretion standard the district court allegedly ran afoul of or articulate how the district court erred. Rather, he reargues the points he raised to the district court, specifically that opposing counsel set the hearing when he was unavailable and that the discovery disputes in his motion to compel were not yet resolved. While this Court does not require any "formalistic recitation of the abuse of discretion standard," it does require appellants to make clear how the lower court purportedly abused its discretion and to provide legal authority in support. *State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019). "[T]he failure to articulate the abuse of discretion prong challenged and put forth an argument under that prong is fatal." *Midtown Ventures, LLC v. Capone*, 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023). Because Johnson has failed to articulate how the district court erred, we affirm its decision striking his untimely materials submitted in opposition to SRM's motion for summary judgment.

**B. The district court erred in granting summary judgment because it did not analyze whether SRM met its burden under Rule 56(a).**

The district court orally granted SRM's motion for summary judgment. The entirety of its decision consisted of three sentences:

> Well, with respect to the motion for summary judgment, the [c]ourt has found that it was unopposed given the untimely response from [Johnson]. Therefore, finding good cause and legal arguments on behalf of [SRM], I will grant summary judgment in favor of [SRM]. I find that [Johnson]'s claim is [sic] barred by Idaho Code [sections] 6-1403 and 6-1405.

Johnson argues that the district court erred because SRM did not meet its burden of demonstrating there was no genuine issue of material fact and that it was entitled to judgment as a matter of law.

We hold that the district court erred in its grant of summary judgment because it failed to analyze whether SRM met the requirements of Rule 56(a). Summary judgment is only proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). The moving party always has the initial burden to show they are "entitled to judgment as a matter of law." *Id.* This is true even when a summary judgment motion is unopposed. *Rupp v. City of Pocatello*, ___ Idaho ___, ___, 574 P.3d 335, 348 (2025).

Here, the district court appeared to grant the motion on the basis that it was unopposed and because there was "good cause." This is not the standard under Rule 56. While the district court

may have concluded that SRM met the requirements of Rule 56(a), its succinct oral ruling did not discuss the requirements of the rule, and we are left to speculate about what it meant with its reference to "good cause and legal arguments." Its brief ruling failed to address whether there was a genuine dispute of material fact and whether SRM was entitled to judgment as a matter of law. Because the district court failed to analyze these two fundamental requirements for granting summary judgment under Rule 56(a), we decline to conduct that analysis in the first instance.

For these reasons, we reverse the district court's grant of summary judgment, vacate its judgment dismissing Johnson's complaint against SRM, and remand this case for further proceedings consistent with this opinion.

## C. The district court did not abuse its discretion by awarding attorney fees under Idaho Rule of Civil Procedure 37.

The district court granted SRM's motion, under Idaho Rule of Civil Procedure 37(a)(5), seeking its reasonable attorney fees incurred for its motion to compel. Johnson argues that the district court erred because the award of fees was "unjust" under the circumstances, namely that SRM prevailed on summary judgment without relying on the materials it sought to compel.

Rule 37 provides that, if discovery responses are provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." I.R.C.P. 37(a)(5)(A). However, this rule also provides that the district court must not order an award of attorney fees if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) "other circumstances make an award of expenses unjust." I.R.C.P. 37(a)(5)(A)(i)–(iii). Johnson hinges his argument on the third exception.

We affirm the award of fees under Rule 37. There is no dispute that Johnson failed to serve timely responses to SRM's discovery requests and only served his responses approximately a week before the hearing on SRM's motion to compel. SRM supported its motion to compel with a declaration of counsel, which established that before SRM filed its motion, it had granted Johnson a two-week extension to answer the discovery and, when Johnson failed to provide responses by the extended deadline, SRM's counsel sent a meet-and-confer letter to Johnson's counsel. SRM's counsel asserted that Johnson did not respond to the letter, which necessitated SRM filing a motion

to compel Johnson's responses. Johnson did not contest those allegations below and does not do so on appeal.

Johnson again fails to articulate how the district court abused its discretion. Instead, Johnson reargues points raised in his opposition to sanctions below. This alone constitutes a basis for us to affirm the district court.

However, even if we concluded that Johnson adequately engaged with the abuse of discretion standard, his arguments are unpersuasive. Johnson argues that the award of fees was unjust because SRM did not rely on the discovery that he eventually provided in its motion for summary judgment. However, Johnson served his untimely discovery responses over a month after SRM filed its summary judgment motion. SRM could not rely on discovery it did not have.

Johnson also argues that the award of sanctions was unjust because the district court granted SRM's motion for summary judgment. SRM's success on the motion does not eliminate the work that went into filing the motion to compel. Johnson cites no authority to support either of these arguments. Johnson has failed to demonstrate how the district court erred by awarding SRM fees under Rule 37, and we therefore affirm its decision.

## D. The district court erred by awarding sanctions against Johnson's counsel under Idaho Rule of Civil Procedure 11.

The district court also awarded sanctions against Johnson's counsel under Idaho Rule of Civil Procedure 11 after concluding that Daniel misrepresented his availability to the court and that his actions "amounted to at least some frivolous filings and some delay tactics to the detriment of defendant SRM." Rule 11 states that, "[b]y presenting to the court a pleading, written motion, or other paper . . . , an attorney . . . certifies that to the best of the person's knowledge, information, and belief," it is "not being presented for any improper purpose," including "unnecessary delay," and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" I.R.C.P. 11(b)(1), (3).

In four separate filings, Daniel stated that he was unavailable for hearings because he had out-of-state depositions scheduled and they could not be moved. First, on July 26, 2023, he filed a motion to continue the summary judgment hearing set for August 8, 2023, contending that he had two depositions scheduled in another case out-of-state. He also submitted an affidavit of counsel in which he stated under oath that his assertions were true. He attached the deposition notices to his motion.

Second, on that same date, Daniel separately moved for a continuance of the hearing on SRM's motion to compel and made the same representations concerning his availability. Once again, he submitted an affidavit of counsel in which he stated under oath that his assertions concerning the scheduling of depositions in another case were true and attached the deposition notices to the motion.

Third, after the district court granted Johnson's motion to continue the August 8 summary judgment hearing and SRM filed an amended notice of hearing for August 22, 2023, Daniel filed a "Notice of Non-Availability," which he signed as an officer of the court. Even though August 22 was the date Daniel had requested in his first motion to continue, Daniel asserted that he was not available for a summary judgment hearing on August 22 because he had depositions scheduled on that date in yet another out-of-state case. He again attached the deposition notices to the notice.

Finally, Johnson filed a motion to continue the August 22 summary judgment hearing, again citing his unavailability in light of the depositions described in his Notice of Non-Availability. Once again, Johnson attached copies of the deposition notices to his motion and filed a signed affidavit of counsel claiming his representations made in the motion were true and accurate.

SRM's motion for sanctions argued that Johnson misrepresented his availability in each of these filings. SRM supported its motion with a declaration of its counsel. Attached to the declaration were emails from opposing counsel in the two out-of-state cases in which Johnson indicated he had deposition conflicts. SRM argued that the emails established that Johnson had misrepresented his availability for the August 8 hearing date because:

- The deposition notices that Daniel attached to his declaration were never served.
- The depositions did not occur on August 8.
- Opposing counsel provided Daniel with several potential deposition dates and the depositions could have been scheduled for a different date.

SRM argued that the emails also established that Johnson had misrepresented his availability for the August 22 hearing date because:

- Opposing counsel stated that he had been holding August 21 for a deposition.
- Daniel contacted out-of-state counsel on the same day he filed the Notice of Non-Availability in this case and requested to set the deposition for August 22.

- The deposition was set for August 22, but Daniel cancelled that deposition shortly before the district court in this case denied the second motion to continue the summary judgment hearing.

Daniel responded to the motion for sanctions only after SRM had already filed its reply. In it, he argued that the emails relied on by SRM were inadmissible hearsay. Daniel moved to continue the motion for sanctions and filed a proposed order for the continuance. The district court denied the order, stating that the "[m]otion to continue is denied. Local counsel . . . is required to appear, whether or not Patrick Daniel appears."

Daniel did not appear at the hearing on the motion for sanctions, but local counsel appeared and argued. Notably, local counsel did not challenge SRM's assertions concerning the alleged misrepresentations. After hearing argument on the motions, the district court issued an oral ruling and found that,

> Certainly, it does appear to the [c]ourt that [Johnson]'s counsel, Mr. Daniels [sic], did make some misrepresentations to the [c]ourt with respect to his calendaring and his availability, and I also believe that his actions in this case have amounted to at least some frivolous filings and some delay tactics to the detriment of defendant SRM.

The court determined sanctions were appropriate and ordered them to be joint and several against Daniel and local counsel.

Johnson raises several arguments for why the district court erred. However, his hearsay argument is dispositive, so we focus our analysis there. Johnson argues that the district court erred by relying on hearsay evidence to conclude that Daniel made misrepresentations to the court. In response, SRM does not dispute that the emails are hearsay, but notes that Johnson failed to cite any Idaho caselaw to support the view that the district court could not rely on hearsay to award sanctions. SRM cites *Durrant v. Christensen*, 120 Idaho 886, 821 P.2d 319 (1991), for the proposition that "a district court may rely on hearsay to inform its decision on sanctions if there is more evidence in the record to support its decision." SRM contends that the district court "had ample evidence in the record due to the timing and volume of Johnson's counsel's filings." We hold that the record lacked additional evidence supporting the award of sanctions and therefore the district court erred by relying solely on hearsay evidence to award sanctions.

There is no dispute that the emails submitted by SRM are inadmissible hearsay. Idaho Rule of Evidence 801 defines hearsay as an out of court statement offered into evidence to prove the

truth of the matter asserted in the statement. I.R.E. 801(c). The emails attached to the declaration of SRM's counsel contained out of court statements from the attorneys in the out-of-state cases that Daniel had cited to the district court in support of his requests to continue the hearings. In the emails, the attorneys asserted that the conflicts Daniel noted either did not exist or that, on dates long after SRM had noticed its motions for hearing, Daniel sought to schedule depositions on SRM's hearing dates. SRM offered the emails to prove the truth of the matters asserted therein: that Daniel had misrepresented the purported conflicts or manufactured them. SRM's motion did not address the hearsay issue or argue that the emails fell within an exception to the hearsay rule.

Proceedings on a motion for sanctions are subject to the Idaho Rules of Evidence. *See* I.R.E. 101. Moreover, this Court has previously stated that the prohibition on the admission of hearsay applies to proceedings concerning attorney fees or sanctions. *Durrant*, 120 Idaho at 887, 821 P.2d at 320. In *Durrant*, the trial court considered an affidavit containing hearsay when determining whether to award sanctions under Idaho Rule of Civil Procedure 11. *Id.* This Court stated that it "would be inclined to reverse the trial court's denial of sanctions" if that affidavit were the only evidence on which it relied. *Id.* But, we concluded, there was other, non-hearsay evidence in the record that supported the district court's decision. *Id.* at 887–88, 821 P.2d at 320–21. This Court held that the trial court erred by relying on hearsay, but the error was harmless because other evidence sufficiently supported its determination. *Id.*

This case is distinguishable from *Durrant* because the district court did not point to any other evidence in the record supporting its finding that Daniel misrepresented his availability. The only "other evidence" that SRM points to is a vague reference by the district court to the "timing and volume of Johnson's counsel's filings." In its oral ruling granting the motion, the district court found that Daniel made misrepresentations to secure continuances and made frivolous filings to accomplish delay. The district court did not identify the evidence on which it relied to make these findings or which filings it believed were frivolous and why. The only evidence we can glean from the record to support the district court's findings is the inadmissible hearsay contained in the emails attached to SRM's counsel's declaration. The lack of "other evidence" supporting the district court's decision distinguishes this case from *Durrant*.

SRM also argues that we should affirm the district court because Johnson failed to articulate which prong of the abuse of discretion standard the district court failed to meet. As previously noted, while Johnson did not provide a formulaic recitation of the abuse of discretion

standard, Johnson's argument that the district court erred by relying on inadmissible hearsay is sufficient to implicate the third prong of the abuse of discretion standard: that the district court failed to act consistently with the legal standards applicable to the specific choices available to it. Accordingly, we reverse the award of Rule 11 sanctions.

Notwithstanding our conclusion that the sanctions were improper, the allegations contained in the motion for sanctions and emails from out-of-state counsel, if true, are concerning. However, we take no position on whether Daniel misrepresented his availability to the court and opposing counsel.

**E. We decline to award attorney fees at this stage of the proceedings.**

SRM requests attorney fees on appeal, relying on Idaho Code section 12-121 and Idaho Appellate Rule 11.2. Under Idaho Code section 12-121, the Court may award "reasonable attorney's fees to the prevailing party" when it finds that the appeal "was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. Because we are remanding the case to the district court for further proceedings, neither party has yet prevailed. We leave it to the district court to address the propriety of an award of attorney fees on appeal after it determines the prevailing party. *Litster v. Litster Frost Inj. Laws. PLLC*, 174 Idaho 860, 882, 560 P.3d 1007, 1029 (2024).

Appellate Rule 11.2 permits the Court to award fees as a sanction where an appellant submits a filing that is not "grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.A.R. 11.2(a). SRM argues it is entitled to fees under this rule because Johnson "misleads as to the timing of events . . . , particularly with regard to the [sic] Johnson's counsel's assertions of non-availability." SRM's only evidence supporting these allegations are the inadmissible emails that we previously discussed. Because SRM has failed to support its allegations with admissible evidence, we decline to award SRM attorney fees under Rule 11.2.

## V.     CONCLUSION

For the reasons discussed herein, we affirm the district court's decision to strike Johnson's untimely opposition to summary judgment but reverse its decision granting summary judgment and remand for further proceedings consistent with this opinion. We also affirm its decision

15

granting an award of attorney fees and costs under Idaho Rule of Civil Procedure 37 but reverse its decision granting Idaho Rule of Civil Procedure 11 sanctions.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.